## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

MICHAEL URENA
21 Marley Ave
Cedar Grove, NJ 07009

        Plaintiff,

    v.

PHILLIPS PRECISION
65 Leliarts Lane
Elmwood Park, NJ 07407

        Defendant.

CIVIL ACTION NO.:

**CIVIL ACTION COMPLAINT
JURY TRIAL DEMANDED**

## CIVIL ACTION COMPLAINT

Plaintiff Michael Urena (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Phillips Precision (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Age Discrimination in Employment Act ("ADEA") and the New Jersey Law Against Discrimination ("NJLAD"). In essence, Defendant subjected Plaintiff to harassment and discrimination due to his age and due to his race/national origin.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADEA.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

1

4.      Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff has exhausted all administrative remedies required as a prerequisite to the filing of the instant ADEA complaint.

## PARTIES

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      Plaintiff is an adult individual with an address as set forth in the caption.

8.      Defendant is a company and conducts business in New Jersey at the address set forth in the caption.

9.      At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein as if set forth in full.

11.      Plaintiff is sixty-four years old.

12.      Plaintiff's nationality is Dominican and Puerto Rican.

13.      For approximately two years, Defendant employed Plaintiff as a Human Resource Manager.

14.      Throughout Plaintiff's employment, he experienced harassment and discrimination due to his age and national origin.

2

15.     For example, in or around December 2020, Defendant's owner's son, Michael Phillips, asked Plaintiff where he was from to which Plaintiff replied his father is from Dominican Republic and his mother is from Puerto Rico. Michael Phillips responded, "my wife is a ***spic*** just like you."

16.     By further way of example, on or around April 22, 2022, Office Manager, Anna Chojnacka, said to Plaintiff "why are you still working, you should retire soon."

17.     Plaintiff complained to Defendant's Owner's Daughter, Patti Phillips, of the comment made by Office Manager Chojnacka. Patti Phillips did not issue discipline to Office Manager Chojnacka.

18.     In or around June 2021, Owner John Phillips said to his employees "I am white, I would not make it in jail."

19.     Plaintiff again complained to Patti Phillips who replied "we are going to stop saying things because employees get offended."

20.     Thereafter, in or around December 2022, while discussing an employee who needed to provided information for his homeland security verification with Michael Phillips, Michael Phillips said to Plaintiff "immigrants like you come into this country illegally all the time."

21.     Plaintiff complained about the comment made by Michael Phillips to Owner, Jeanne Phillips. Owner Jean Phillips did not respond to Plaintiff's complaint.

22.     On or around December 23, 2022, an employee at another location reported Owner Michael Phillips for racial discrimination. In response, Michael Phillips said to his employees ***"I'm not a racist, I married a spic and a nigger."***

23.     That same day, due to the ongoing harassment and discrimination and Defendant's inaction to respond or remedy Plaintiff's complaints, Plaintiff has no choice but to resign.

24.     Defendant subjected Plaintiff to harassment and discrimination due to his age and national origin and constructively discharged Plaintiff due to same.

25.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

**COUNT I**
**Violations of ADEA**
**(Age Discrimination)**

26.     The foregoing paragraphs are incorporated herein as if set forth in full.

27.     At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the ADEA.

28.     At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADEA.

29.     The ADEA prohibits employers, such as Defendant, from discriminating against an employee on the basis of their age.

30.     Defendant's age-related comments towards Plaintiff were both harassing and unwelcome.

31.     Defendant could have remedied the age-related harassment and discrimination but failed to so.

32.     The aforesaid actions by Defendant constitute violations of the ADEA.

33.     As a result of the foregoing, Plaintiff has suffered damages.

**COUNT II**

4

**Violation of the NJLAD**
**(Age Discrimination)**

34.    The foregoing paragraphs are incorporated herein as if set forth in full.

35.    At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the NJLAD.

36.    At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

37.    The NJLAD prohibits employers, such as Defendant, from discriminating against an employee on the basis of their age.

38.    Defendant's age-related comments towards Plaintiff were both harassing and unwelcome.

39.    Defendant could have remedied the age-related harassment and discrimination but failed to so.

40.    The aforesaid actions by Defendant constitute violations of the NJLAD.

41.    As a result of the foregoing, Plaintiff has suffered damages.

**COUNT III**
**Violation of the NJLAD**
**(National Origin Discrimination)**

42.    The foregoing paragraphs are incorporated herein as if set forth in full.

43.    The NJLAD prohibits employers, such as Defendant from discrimination against an employee on the basis of their National Origin.

44.    Defendant's discriminatory conduct to Plaintiff due to his National Origin was both harassing and unwelcome.

45.     Defendant could have remedied the harassment and discrimination but failed to do so.

46.     The aforesaid actions by Defendant constitute violations of the NJLAD.

47.     As a result of the foregoing, Plaintiff has suffered damages.

**COUNT IV**
**Violation of the NJLAD**
**(Race Discrimination)**

48.     The foregoing paragraphs are incorporated herein if set forth in full.

49.     The NJLAD prohibits employers, such as Defendant from discrimination against an employee on the basis of their Race.

50.     Defendant's discriminatory conduct to Plaintiff due to his race was both harassing and unwelcome.

51.     Defendant could have remedied the harassment and discrimination but failed to do so.

52.     The aforesaid actions by Defendant constitute violations of the NJLAD.

53.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their age and/or national origin;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

6

Defendant's illegal actions, including but not limited to past lost earnings and future lost earnings;

      C.     Plaintiff is to be awarded punitive damages (under the NJLAD) in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

      D.     Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

      E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

      F.     Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems just, proper and appropriate.

      G.     Plaintiff's claims are to receive a trial by jury.

                Respectfully submitted,

                **SWARTZ SWIDLER, LLC**
                */s/ Joshua Boyette*
                Joshua Boyette, Esq.
                Richard S. Swartz, Esq.
                9 Tanner Street Suite 101
                Haddonfield, NJ 08003
                Phone (856) 685-7420
                Fax (856) 685-7417

Dated: 12/20/2023

## **DEMAND TO PRESERVE EVIDENCE**

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.